The Honorable Barbara J. Rothstein

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DOGGYPHONE LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>TOMOFUN, LLC,<br><br>*Defendants*. | CASE NO. 2:19-cv-1901-BJR<br><br>**STIPULATION AND ORDER FOR STAY PENDING RESOLUTION OF *INTER PARTES* REVIEW**<br><br>**NOTE ON MOTION CALENDAR: February 11, 2021**<br><br>**[CLERK'S ACTION REQUIRED]** |

## STIPULATED MOTION FOR STAY

Subject to the approval of the Court, Plaintiff Doggpyphone LLC ("Doggyphone") and Defendant Tomofun, LLC ("Tomofun") by and through their undersigned counsel, stipulate and agree to stay this case in its entirety pending the Patent Trial and Appeal Board's ("PTAB") disposition of *inter partes* review ("IPR") related to the only asserted patent (and claim) in this case. A stay is warranted because this case is still in its early stages and the outcome of the fully litigated IPRs will simplify the issues before the Court and at trial. Moreover, a stay will not unduly prejudice or present a clear tactical disadvantage to either party, as this motion is stipulated and agreed to by

both parties.  Accordingly, parties respectfully request that the Court grant this stipulated motion and stay the case pending final disposition of the IPR of the asserted patent.

## I. BACKGROUND

Doggyphone accuses Tomofun of infringing U.S. Patent No. 9,723,813 ("'813 Patent"), specifically, Claim 7 ("Asserted Claim").  (*See* Dkt No. 1.)  This is the same claim listed in Doggyphone's Disclosure of Asserted Claims and Infringement Contentions, served on June 19, 2021.  The Asserted Claim of the '813 Patent generally relates to a system for communicating with a pet.  (*See, e.g.,* '813 Patent, at 12:15-49 (Claim 7).)  Doggyphone has accused Tomofun's Furbo Dog Camera and Furbo Dog Camera with Furbo Dog Nanny products (collectively, the "Accused Products") of infringing the '813 Patents.  (*See* Dkt. No. 1.)  Tomofun's Furbo Dog Camera with Dog Nanny product is shown below:



[1]

On November 25, 2020, Tomofun filed a petition for IPR challenging the validity of claims 7-9 of the '813 Patent.  *See Tomofun, LLC v. Doggyphone LLC*, Case IPR2021-00260 (PTAB) ("Tomofun IPR").  The PTAB is expected to issue an institution decision by no later than June 2021. *See* 35 U.S.C. § 314; *Tomofun IPR*, Paper No. 5, at 1 (PTAB Dec. 15, 2020) (Ex. A).  If the IPR

---

[1] Tomofun's Furbo Dog Camera is available on Tomofun's website at: https://shopus.furbo.com/products/furbo-dog-camera

STIPULATION AND ORDER FOR STAY PENDING
RESOLUTION OF INTER PARTES REVIEW 2
CASE NO.  2:19-cv-01901-BJR

proceeding is instituted, a final written decision will be issued by the PTAB no later than June 2022. *See* 37 C.F.R. § 42.100(c); Ex. A (implying anticipated institution decision in June 2021).

## II. LEGAL STANDARDS

The court has the authority to stay this case pending the disposition of an IPR proceeding. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Wre-Hol v. Pharos Sci. & Applications*, No. C09-1642MJP, 2010 WL 2985685, at *2 (W.D. Wash. July 23, 2010); *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-cv-05330-HSG, 2015 WL 1967878, at *2 (N.D. Cal. May 1, 2015). "Courts in the Ninth Circuit often grant stays pending the IPR process in light of the liberal policy in favor of granting motions to stay proceedings pending the outcome of PTO reexamination or reissuance proceedings." *Amazon.com, Inc. v. Uniloc USA, Inc.*, Case No. 2:17-cv-01307-JLR, Dkt. No. 33, at 3 (W.D. Wash. Feb. 15, 2018) (internal quotes and brackets omitted).

To determine whether to grant such a stay, the court considers (1) whether a stay will simplify the court proceedings; (2) the stage of the case; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Pac. Bioscience Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1063 (W.D. Wash. 2011). The court applies this "three-factor framework from *Pacific Biosciences* regardless of whether an IPR petition is pending or has been granted." *See Nat'l Prods., Inc. v. Akron Res., Inc.*, No. 15-1984JLR (W.D. Wash. Oct. 14, 2016), Dkt. No. 66 at 6 (citations omitted). Whether to grant a stay falls within the court's discretion. *Drink Tanks Corp. v. GrowlerWerks, Inc.*, No. 3:16-cv-410-SI, 2016 WL 3844209, at *2 (D. Or. July 15, 2016) (citing *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 591 (2014)).

A stay may be particularly justified when the outcome of the IPR proceedings would likely assist the court in determining patent validity. *See Evolutionary Intelligence LLC v. Yelp Inc,* Case No. 4:13-cv-03587-DMR, 2013 WL 6672451, at *4 (N.D. Cal. Dec. 18, 2013). As the Federal

STIPULATION AND ORDER FOR STAY PENDING
RESOLUTION OF INTER PARTES REVIEW 3
CASE NO.  2:19-cv-01901-BJR

Circuit and other courts have acknowledged, "an auxiliary function [of the proceeding] is to free the court from any need to consider prior art without the benefit of the PTAB's initial consideration." *Id.* (quoting *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985)).

Here, all three factors support a stay.

### III. ARGUMENT

#### A. The IPR Will Simplify the Issues Before The Court.

The Court's first consideration is "whether and to what extent staying [the] case pending the outcome of the IPR petition would simplify the issues in question and the trial." *Nat'l Prods.*, 2:15-cv-01984-JLR, Dkt. No. 66, at *5. Here, there is ***complete overlap*** between the claims at issue in the IPR and the Asserted Claim in this case. Resolution of the IPR will indisputably narrow the issues before this Court. If the Asserted Claim is cancelled in IPR, the sole claim in this case will be moot. If the Asserted Claim is upheld or IPR is not instituted, the Court will "benefit from the PTAB's expert analysis.". *Supercell Oy v. Rothschild Digital Media Innovations, LLC*, Case No. 2:15-cv-01119-JLR, 2016 WL 9226493, at *7 (W.D. Wash. July 28, 2016). For example, the PTAB's analysis of the petitioned claims will develop a factual record related to invalidity issues—including clarifying the meaning of the terms of the '813 Patent (*i.e.*, claim construction) and evaluating the scope and content of prior art at issue in this case.

Additionally, statistics from the PTAB show that approximately ***two-thirds*** of petitions involving electrical/computer and/or mechanical technologies—like the technology at issue here—are instituted. *See* TRIAL STATISTICS IPR, PGR, CBM, PATENT TRIAL AND APPEAL BOARD, at 7 (USPTO Nov. 2020).[2] Because a substantial likelihood exists that the Asserted Claim

---

[2] https://www.uspto.gov/sites/default/files/documents/trial_statistics_20201130.pdf

STIPULATION AND ORDER FOR STAY PENDING
RESOLUTION OF INTER PARTES REVIEW 4
CASE NO. 2:19-cv-01901-BJR

in this case will be instituted, "the [C]ourt and the parties will avoid needlessly expending resources" addressing the Asserted Claim. *Supercell*, 2016 WL 9226493, at *7.

Accordingly, this factor weighs in favor of a stay because there is a substantial likelihood that this case will be simplified (or even eliminated), the Court can reap the benefits of the analysis of the PTAB on overlapping issues in this case, and, in the meantime, the Court can preserve its limited judicial resources.

### B. The Case Is at an Early Stage.

The Court regularly stays cases when "[v]ery little discovery has taken place," "claim construction briefing has not yet begun," and "trial is more than a year distant." *See Supercell*, 2016 WL 9226493 at *2. Here, (1) the parties have significant work to be done in discovery; (2) claim construction briefing has not yet begun;[3] and (3) a trial date is not set. *See* Dkt. No. 26. Given the significant amount of work that needs to be completed in this case (document production is incomplete, no depositions have been noticed, and discovery closes in three months), the parties and the Court would preserve substantial resources by staying this case and letting it play out before the PTAB, while avoiding the considerable cost associated with depositions, expert reports, expert discovery, summary judgment practice, other pretrial work, and trial preparation.

### C. Doggyphone Stipulates to the Stay and Will Not Suffer Any Undue Prejudice.

As an initial matter, Doggyphone is a non-practicing entity—*i.e.*, an entity that does not make or sell any product allegedly covered by a patent it owns. Thus, Doggyphone cannot assert that it will be unduly prejudiced by, or that it will suffer a clear tactical disadvantage from, the stay

---

[3] The parties note, however, that opening claim construction briefs are due February 15, 2021 (*i.e.*, next week) and the *Markman* hearing is scheduled for mid-April 2021. In view of the impending deadlines and the considerable resources typically associated with claim construction briefing, the parties respectfully request the Court to expedite its ruling on this motion to obviate the need to file briefing.

STIPULATION AND ORDER FOR STAY PENDING
RESOLUTION OF INTER PARTES REVIEW 5
CASE NO. 2:19-cv-01901-BJR

because "any alleged infringement would not result in a loss in market share or an erosion of goodwill and can be remedied through a damage award." *Seymour Levine v. The Boeing Company*, Case No. 2:14-01991-RSL, Dkt. No. 65, at p. 3 (W.D. Wash. July 29, 2015). Additionally, Doggyphone stipulates to the stay, thus reinforcing that there is no risk for undue prejudice or clear tactical disadvantage. Accordingly, this factor weighs strongly in favor of a stay.

## IV. CONCLUSION

To preserve judicial resources, simplify the issues for trial, and promote the efficient resolution of this dispute, the parties respectfully moves to stay this case pending the final disposition of *inter partes* review of the '813 Patent.

DATED this 11th day of February, 2021.

By: s/David A Lowe
Lowe Graham Jones PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301
lowe@lowegrahamjones.com

*Attorneys for Plaintiff Doggyphone LLC*

By: s/Jonathan E. Giroux
Paul D. Swanson, WSBA No. 13,656
Tiffany Scott Connors, WSBA No. 41,740
1420 Fifth Avenue, Suite 4200
Seattle, WA 98111
T: 206.223.7000
swansonp@lanepowell.com
connorst@lanepowell.com

Jonathan E. Giroux (Pro Hac Vice)
Erik Bokar (Pro Hac Vice)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
T: 312.456.1009
girouxj@gtlaw.com
bokare@gtlaw.com

*Attorneys for Defendant Tomofun, LLC.*

# ORDER

IT IS SO ORDERED.

All deadlines are stayed pending resolution of the *Inter Partes* Review, IPR2021-00260. The parties shall update the court within two weeks of an institution decision from the Patent Trial and Appeal Board in connection with that matter.

DATED this 12th day of February, 2021.

Barbara Jacobs Rothstein
U.S. District Court Judge

Presented by:

By: s/David A Lowe
David A. Lowe
Lowe Graham Jones PLLC
lowe@lowegrahamjones.com

*Attorneys for Plaintiff Doggyphone LLC*

By *s/Paul D. Swanson*
Paul D. Swanson, WSBA # 13656
swansonp@lanepowell.com

By: s/Jonathan E. Giroux
Jonathan E. Giroux (Pro Hac Vice)
girouxj@gtlaw.com

*Attorneys for Defendant Tomofun, LLC.*