The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOGGYPHONE LLC, | CASE NO. 2:19-cv-1901-BJR |
| *Plaintiff*, | |
| v. | **DEFENDANT TOMOFUN, LLC'S UNOPPOSED MOTION TO EXTEND DEADLINE TO FILE DISPOSITIVE MOTIONS AND ORDER TO EXTEND DEADLINE** |
| TOMOFUN, LLC, | |
| *Defendant*. | |
| | **[CLERK'S ACTION REQUIRED]** |

## UNOPPOSED MOTION TO EXTEND DEADLINE

Defendant Tomofun, LLC ("Tomofun") hereby requests that the Court amend the January 6, 2022 Scheduling Order [Dkt. 34] to extend the deadline for filing dispositive motions from July 29, 2022 to thirty (30) days after the Court issues a claim construction order.

**I.      STATEMENT OF FACTS**

The parties completed briefings on claim construction, and the Court held a *Markman* hearing on June 24, 2022. To date, there has been no ruling on the meaning of the disputed claims

at issue in this patent infringement litigation. Pursuant to the Scheduling Order [Dkt. 34], the deadline for filing dispositive motions is July 29, 2022.

II.     **ARGUMENT**

Tomofun contemplates filing a dispositive motion on issues of noninfringement and invalidity, which is dependent on the construction of certain disputed terms of the patents-in-suit. Summary judgment motions on non-infringement and invalidity turn on claim construction and are, therefore, premature at this time when a ruling on claim construction is pending.

Without knowing how the Court will construe the disputed claim terms, the parties' summary judgment motions and oppositions would be "unnecessarily lengthy and unfocused" because they would be required to consider various possible constructions and then explain why the accused products do or do not infringe, or why the asserted patent is valid or invalid, under these differing constructions. *See, e.g., Smith & Nephew, Inc. v. Surgical Solutions, Inc.,* 353 F.Supp.2d 135,140 (D. Mass. 2004) ("the filing of motions for summary judgment prior to the issuance of a Markman ruling has caused the memoranda in support of those motions to be unnecessarily lengthy and unfocused because, in addition to discussing the evidence as it pertains to summary judgment, the parties have had to address the possible alternative meanings of the claims."). Extending the deadline for dispositive motions would assist the parties and promote judicial economy by allowing for efficient and focused briefing of the issues. Indeed, the Court's claim construction ruling may be determinative of whether certain motions are filed at all.

The 7/29 dispositive motion deadline was originally entered when the Markman hearing was scheduled to occur on June 3, 2022. [Dkt. 34.] At Plaintiff's request [Dkt. 36], the Markman hearing date was moved to June 24, 2022, but the rest of the schedule was left intact at the time. [Dkt. 37.]

Based on the foregoing, Tomofun respectfully requests that the deadline for filing dispositive motions be extended to thirty (30) days from the Court's issuance of a Claim Construction Order:

| Action | Current Date | Proposed Date |
|---|---|---|
| All dispositive motions must be filed by | July 29, 2022 | 30 days after issuance of Claim Construction Order |
| Oppositions/Responses to dispositive motions | N/A | 21 days after filing of dispositive motions |
| Reply briefs in support of dispositive motions | N/A | 7 days after oppositions |

The requested relief is reasonably tailored to the circumstances, is not calculated to cause delay or disrupt the remainder of the Court's Scheduling Order. Moreover, the extension would promote party and judicial efficiency, and would not cause hardship or prejudice on Plaintiff, who indicated that it does not oppose this Motion.

### III.     CONCLUSION

For the foregoing reasons, Tomofun respectfully request that the Court extend the deadline for filing dispositive motions to thirty (30) days after the Court issues a Claim Construction Order, with oppositions to said motions due twenty-one (21) days after the motions, and reply briefs due seven (7) days after the oppositions.

DATED this 25th day of July, 2022.

By: /s/Jonathan E. Giroux
Paul D. Swanson, WSBA No. 13,656
Tiffany Scott Connors, WSBA No. 41,740
1420 Fifth Avenue, Suite 4200
Seattle, WA 98111
T: 206.223.7000
swansonp@lanepowell.com
connorst@lanepowell.com

Jonathan E. Giroux (Pro Hac Vice)
Erik Bokar (Pro Hac Vice)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
T: 312.456.1009
girouxj@gtlaw.com
bokare@gtlaw.com

*Attorneys for Defendant Tomofun, LLC*

DEFENDANT TOMOFUN, LLC'S UNOPPOSED MOTION TO
EXTEND DEADLINE TO FILE DISPOSITIVE MOTIONS AND
ORDER TO EXTEND DEADLINE 3
CASE NO.  2:19-cv-01901-BJR

# ORDER

IT IS SO ORDERED.

The deadline for filing dispositive motions is extended to thirty (30) days after the Court issues a Claim Construction Order, and oppositions to said motions are due twenty-one (21) days after the motions, and reply briefs are due seven (7) days after the oppositions.

DATED this 25th day of July, 2022.

*signature*

Barbara Jacobs Rothstein
U.S. District Court Judge

Presented by:

By /s/Paul D. Swanson
Paul D. Swanson, WSBA # 13656
swansonp@lanepowell.com

By: /s/Jonathan E. Giroux
Jonathan E. Giroux (Pro Hac Vice)
girouxj@gtlaw.com

*Attorneys for Defendant Tomofun, LLC.*