The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOGGYPHONE LLC,<br>    Plaintiff,<br><br>v.<br><br>TOMOFUN, LLC,<br>    Defendant. | NO. 2:19-cv-1901-BJR<br><br>**ORDER DENING DEFENDANT'S<br>MOTION FOR ATTORNEYS' FEES** |

## I.     INTRODUCTION

This matter comes before the Court on a Motion for Attorneys' Fees filed by the prevailing party in this case, Defendant Tomofun, LLC. Dkt. No. 73. Defendant seeks an award of the $1.5 million in fees and costs it incurred in defending against the patent infringement claim of Plaintiff Doggyphone, LLC. Having reviewed the parties' briefs filed in support of and opposition to the motion, the Court finds and rules as follows.

## II.     BACKGROUND

The underlying lawsuit concerns U.S. Patent No. 9,723,813 ("the '813 patent"), owned by Plaintiff. Compl. ¶ 7. The '813 patent provides a system for facilitating remote human-pet communication, referred to as an "Internet Canine Communication System," or "ICCS." *Id.*, ¶ 8. The patent abstract states, "[t]he ICCS may include a base station or similar device that is

ORDER DENYING DEFENDANT'S
MOTION FOR ATTORNEYS' FEES

- 1

configured to deliver treats to a dog and to transmit audio/visual communication between the dog and a remote client device operated by a human user." '813 Patent, p. 1, Ex. A to Compl.

Defendant Tomofun manufactures and sells the interactive pet camera device known as the "Furbo." According to Defendant, the Furbo is a "Dog Camera that enables a user to remotely see their pet, talk to their pet, and toss treats to their pet," via an app on the user's mobile device. Def.'s Mot. Summ. Judg. ("MSJ") at 5. Plaintiff filed the instant action on November 22, 2019, asserting that the Furbo infringed Claim 7 of the '813 patent. After holding a *Markman* hearing, the Court issued a claim construction order on August 12, 2022. The Court ruled, among other things, that one of the disputed terms, "delivery module," was a means-plus-function limitation; and that the remaining disputed terms should be given their "plain and ordinary" meaning. Cl. Constr. Ord., Dkt. No. 51.

The parties then filed cross motions for summary judgment. On February 24, 2023, the Court granted summary judgment in favor of Defendant, and held "that the Furbo does not infringe the '813 patent as a matter of law, and enter[ed] judgment of non-infringement in favor of Defendant Tomofun." Order Granting Def.'s MSJ, Dkt. No. 71. at 20. The Court held that Tomofun's Furbo does not infringe three limitations of Claim 7.[1] Specifically, the Furbo: (1) does not include a "delivery module" that, "in response to a received treat delivery command," "receives input from the pet"; (2) does not include structure that "dispenses via the food dispenser at least one treat from the treat bin" that is identical or equivalent to the "delivery module" structure disclosed in the '813 patent; and (3) does not "begin[] transmission to the remote client device of live audio or video of the pet in response to input from the pet." *Id*.

---

[1] Having determined that Plaintiff failed to establish infringement of at least these three limitations, the Court declined to reach the remaining limitations or the question of the validity of the patent.

ORDER DENYING DEFENDANT'S
MOTION FOR ATTORNEYS' FEES

- 2

Concluding that each of these three findings were independently sufficient grounds for dismissal, the Court granted Defendant's motion and dismissed Plaintiff's Complaint. That ruling is now on appeal.

### III.   DISCUSSION

**A. Standard for Awarding Fees Under 35 U.S.C. § 285**

By statute, a court is authorized "in exceptional cases" to "award reasonable attorney fees to the prevailing party" in a patent infringement suit. 35 U.S.C. § 285; *see Octane Fitness, LLC v. ICON Health & Fitness*, 572 U.S. 545 (2014). In *Octane Fitness*, the Supreme Court loosened the "unduly rigid" standard articulated by the Federal Circuit, which had provided that a case was only "exceptional" under § 285 "when there has been some material inappropriate conduct related to the matter in litigation" or when "(1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." 572 U.S. at 550 (quoting and abrogating *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005)).

Instead, the Supreme Court held in *Octane Fitness*, "an 'exceptional' case is simply one that stands out from others" with respect to either (1) "the substantive strength of a party's litigating position," or (2) "the unreasonable manner in which the case was litigated." 572 U.S. at 554. A court "may determine whether a case is 'exceptional' . . . considering the totality of the circumstances," and can "consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id*. at 554, n.7.

In general, exceptional cases under this standard are "rare." *Octane Fitness*, 572 U.S. at 555. "No specific evidentiary burden" applies to a motion seeking fees, and the "decision whether

ORDER DENYING DEFENDANT'S
MOTION FOR ATTORNEYS' FEES

- 3

1 or not to award fees is still committed to the discretion of the trial judge, and even an exceptional
2 case does not require in all circumstances the award of attorney fees." *Id*. at 557; *Modine Mfg. Co.*
3 *v. Allen Group, Inc.*, 917 F.2d 538, 543 (Fed. Cir. 1990).

### B.  Whether the Instant Case Is "Exceptional"

The essence of Defendant's argument is that Plaintiff's position was weak at its inception; grew weaker throughout this litigation; and ultimately failed on summary judgment. Defendant points to two flaws in Plaintiff's position that, Defendant argues, rendered it "objectively baseless." Def.'s Mot. at 6. "First, from the beginning, Doggyphone had no good faith basis to believe that it could prove infringement as to the 'begins transmission to the remote client device of live audio or video of the pet in response to input from the pet' and the 'receives input from the pet' 'in response to the received treat delivery command' claim elements. Second, after claim construction, Doggyphone's case became even more objectively baseless as to the 'delivery module' term and its function." *Id*.

The Court rejects Defendant's first argument as conclusory, and an overstatement of the strength of Defendant's own position in the underlying litigation. First, there is no evidence (or even explicit allegation) of actual bad faith or improper purpose on Plaintiff's part. Vigorously litigating one's ultimately unavailing position, without more, is not tantamount to "bad faith." Moreover, the basis for Plaintiff's position that the Furbo meets the claim limitations because it "begins transmission to the remote client device…." and "receives input from the pet . . . in response to the received treat delivery command"—as articulated in the '813 patent—was presented to the Court in extensive and colorable–if not ultimately persuasive—legal argument. *See, e.g,* Pl.'s MSJ at 9-14; Pl.'s Opp. to Def.'s MSJ at 5-17. In its ruling granting Defendant

ORDER DENYING DEFENDANT'S
MOTION FOR ATTORNEYS' FEES

- 4

summary judgment, the Court similarly devoted at least a dozen pages to analyzing Plaintiff's arguments on these elements before concluding that the claim limitations were not met. This treatment is not the hallmark of an objectively baseless position that could be dismissed out of hand. Defendant's argument that it "put Doggyphone on notice" of non-infringement within a month after Plaintiff filed its complaint is simply another way of saying Defendant disagreed with Plaintiff's infringement assertion from the beginning, hardly an unusual (let alone "exceptional") thing to happen in litigation.

As to Defendant's second argument, that Plaintiff's case grew "even more objectively baseless" after claim construction, the Court reminds Defendant that in fact the Court adopted most of *Plaintiff's* proposed constructions and found, for example, that "food dispenser" was not a means-plus-function limitation, and that a number of the disputed terms should be given their "plain and ordinary meaning," as Plaintiff had argued. *See* Cl. Constr. Ord. at 7-8, 10-18. While Plaintiff certainly lost ground upon the Court's construing "delivery module" as a means-plus-function element, as noted above, Plaintiff was still able at summary judgment to articulate a perfectly logical, legitimate—and ultimately unsuccessful, but hardly frivolous—argument that the Furbo met that limitation. It is safe to say, in the context of the Court's long history on the bench, that Plaintiff's case was not exceptional in its relative degree of weakness.

Indeed, as Doggyphone argues, the mere weakness of a losing party's argument is rarely, standing alone, grounds for an award of fees under 35 U.S.C. § 285, and fees should not be awarded as a "penalty for failure to win a patent infringement suit." *Octane Fitness,* 572 U.S. at 548. Generally, some other element must exist pushing a losing party's case over the line from merely weak to "exceptionally unreasonable," meriting deviation from the general American rule

ORDER DENYING DEFENDANT'S
MOTION FOR ATTORNEYS' FEES

- 5

that each party pay its own fees. Defendant does raise (improperly, for the first time in its reply brief) what it claims are "additional factors" contributing to the supposed exceptionalism of Plaintiff's "objectively baseless" position. For example, it complains that Plaintiff "stubbornly proceeded with an untenable case" even after an "adverse" claim construction, served discovery responses one day before deposition of a key witness, and conducted no fact or expert depositions of its own. Def.'s Rep. at 5-6. But even taken together, Defendant's list of purported "additional factors" amounts to little more than the unremarkable vicissitudes of modern American litigation: the pressing of a case in the face of an apparently diminishing prospect of success; relatively bland instances of discovery gamesmanship; and discretionary decisions on where to focus resources that in retrospect did not serve Plaintiff's case as well as hoped. None of these examples stand out as more than mere reiteration of the ways in which Plaintiff's case was unremarkably weak.[2]

      The Court finds apt a passage, in an order denying fees from the Central District of California, quoted in Plaintiff's brief:

> The Court recognizes that since the Supreme Court [in *Octane Fitness*] broadened the standard for fee awards under § 285, prevailing parties in patent actions have little to lose by bringing motions like this one. Nonetheless, here it appears that [Defendant] has simply cobbled together any argument it could possibly think of as to why [Plaintiff's] litigation positions were weak or its litigation conduct unsavory. The Court questions the utility of this exercise. From the Court's review of the record, [Plaintiff] brought a colorable, though ultimately unsuccessful, patent infringement case, and litigated it appropriately and in good faith. [Defendant] has neither shown that [Plaintiff] advanced exceptionally weak litigation positions nor that it engaged in unreasonable litigation conduct. This is not an exceptional case under 35 U.S.C. § 285.

*SASCO v. Weber Elec. Mfg. Co.*, 2015 WL 9455563, at *5 (C.D. Cal. Dec. 23, 2015).

---

[2] Plaintiff's Motion to File Surreply to address these arguments, Dkt. No. 80, is denied as moot.

ORDER DENYING DEFENDANT'S
MOTION FOR ATTORNEYS' FEES

- 6

Having considered the "totality of the circumstances" as directed by *Octane Fitness*, the Court similarly concludes that this is not one of those "exceptional cases" that merits an award of fees under § 285. Defendant's motion is denied.

### IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Tomofun's Motion for Attorneys' Fees and Costs.

DATED this 25th day of July, 2023.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING DEFENDANT'S
MOTION FOR ATTORNEYS' FEES

- 7